## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JEWEL B. LOCKHART, | ) | |
| | ) | Case No. 18-15162 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Jack B. Schmetterer |
| | ) | |
| Philip V. Martino, not individually, but solely as Chapter 7 trustee, | ) ) | |
| | ) | Adversary Case No. 19-00090 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SOY SOY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Philip V. Martino, as chapter 7 Trustee ("**Trustee**" or "**Plaintiff**"), of the estate of Jewel B. Lockhart ("**Debtor**"), by counsel, hereby submits the following Proposed Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The Defendant, Soy Soy, LLC ("**Defendant**"), was an Illinois limited liability company that was involuntarily dissolved by the Office of the Illinois Secretary of State on November 10, 2016. Debtor's son, Antonio Ross ("**Ross**"), was the sole manager of Defendant.

2. On May 25, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 §§ U.S.C. 101 *et seq.* (the "**Bankruptcy Code**"), and Philip V. Martino was duly appointed to serve as the Chapter 7 Trustee for the estate.

QB\57060045.1

3. The Court has jurisdiction over this matter and the authority to grant the requested relief pursuant to 28 U.S.C. §§ 157 and 1334(a).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

5. In March 2009, Sonji G. Barnes ("**Barnes**"), Ross' spouse, purchased property commonly known as 821 East Oakwood Boulevard, Chicago, Illinois 60653 (the "**Property**"), as evidenced by that certain Special Warranty Deed recorded in the Office of the Cook county Recorder of Deeds on March 13, 2009, as Document No. 0907210018.

6. In June 2011, Barnes conveyed title in the Property to herself and Debtor as joint tenants, as evidenced by that certain Quit Claim Deed recorded in the Office of the Cook County Recorder of Deeds on June 16, 2011, as Document No. 1116757098.

7. In June 2015, Barnes and Debtor conveyed title in the Property to Defendant (the "**Fraudulent Transfer**"), as evidenced by that certain Quit Claim Deed recorded in the Office of the Cook County Recorder of Deeds on June 18, 2015, as Document No. 1516944047 (the "**Quit Claim Deed**").

8. The City of Chicago Real Estate Transfer Stamp affixed to the Quit Claim Deed reflects a transfer stamp payment of $0.00.

9. Debtor conveyed the Property to Defendant for nominal or no consideration.

10. Debtor was insolvent, became insolvent, and/or had unreasonably small capital in relation to her business at the time, or as a result, of the Fraudulent Transfer.

11. Debtor believed or reasonably should have believed that she would incur debts beyond her ability to pay.

QB\57060045.1

12. According to public records, when the Property was transferred to Defendant, the Property was without mortgage or other encumbrance, and public records also indicate that the only recording in Cook County with respect to Defendant is the Quit Claim Deed; nothing in the public records indicates that Defendant has granted a mortgage on the property.

13. As of June 2015, the Property had a value of approximately $413,000.00.

14. In September 2016, a 7-count indictment was returned against Debtor in the United States District Court for the Northern District of Illinois, Case No. 16-CR-578, charging Debtor with obstructing and impeding the administration of the Internal Revenue Code by filing false tax returns.

15. In June 2018, Debtor pleaded guilty to two counts of the indictment and entered into a plea agreement (the "**Plea Agreement**"), in which she admitted, among other things, that she had filed false corporate tax returns for 2010 and 2011 for Jewel Bus Company ("**JBC**"), of which Debtor was the owner and president. *See* Case No. 16-CR-578, Dkt. No. 36, p. 3.

16. Additionally, in the Plea Agreement, Debtor admitted that some payments falsely categorized as JBC's expenses were in fact payments to "Company A" to be used by "Individual A" (Barnes) to purchase the Property for Debtor's personal use.

17. On October 11, 2018, Debtor was sentenced to 1 year and 1 day as to Count 2 and 1 year and 1 day as to Count 3 of the indictment, with the sentences to run concurrently. *See* Case No. 16-CR-578, Dkt. No. 47.

## CONCLUSIONS OF LAW

18. During the applicable look-back period under 740 ILCS 160/5(a), made applicable by section 544 of the Bankruptcy Code, Debtor committed the Fraudulent Transfer, thereby removing valuable assets from the reach of Debtor's creditors.

QB\57060045.1

19. At a minimum, the Debtor's bankruptcy estate was deprived of at least the value of Debtor's interest in the Property as a result of the Fraudulent Transfer.

20. As of the Petition Date, unsecured creditors existed that are entitled to avoid the Fraudulent Transfer under applicable non-bankruptcy law pursuant to section 544(b)(1) of the Bankruptcy Code.

21. The Fraudulent Transfer constitutes a transfer of interests in the Debtor's property.

22. The Fraudulent Transfer was made from the Debtor to or for Defendant's benefit.

23. Defendant was the initial transferee of the Fraudulent Transfer.

24. Pursuant to 740 ILCS 160/5(a)(1), the Fraudulent Transfer was made with actual intent to hinder, delay, or defraud Debtor's creditors.

25. Pursuant to 740 ILCS 160/5(a)(2), the Fraudulent Transfer was made without receiving a reasonably equivalent value in exchange.

26. The Fraudulent Transfer constitutes an avoidable fraudulent transfer pursuant to 740 ILCS 160/5(a)(1) and (a)(2), as incorporated by section 544(b)(1) of the Bankruptcy Code.

27. Accordingly, pursuant to 740 ILCS 160/5(a)(1) and (a)(2) and 160/8, as incorporated by Section 544(b)(1) of the Bankruptcy Code, the Trustee is entitled to avoid the value of the Fraudulent Transfer made to or on behalf of Defendant during the applicable look-back period set forth in 740 ILCS 160/5(a) for the benefit of the Debtor's bankruptcy estate.

28. Judgment should be entered in favor of Plaintiff, Philip V. Martino, and against the Defendant, Soy Soy, LLC as to the first claim for relief in the Complaint, and the Court should retain jurisdiction to enter judgment on the second claim for relief in the Complaint should the Defendant have transferred any interest in and to the Property.

Dated this 9th day of May, 2019.

BY THE COURT:

_____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge